UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KRISTY WAGNER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-10281** |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY, ET AL.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is Plaintiffs Kristy Wagner and Joseph Corona's ("Plaintiffs") "Motion to Remand."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

### I. Background

In the Petition, Plaintiffs allege that on October 2, 2017, Ana Zegada ("Zegada") failed to stop at a stop sign and struck the car Plaintiffs were driving.[2] Plaintiffs allege that they were injured because of the collision and that Zegada was the sole cause of the accident.[3]

On September 20, 2018, Plaintiffs filed a Petition for Damages in the Civil District Court for the Parish of Orleans, naming Zegada, Government Employees Insurance Company ("GEICO"), and State Farm Mutual Automobile Insurance Company ("State Farm") as

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 1-2 at 2.

[3] *Id.* at 1.

1

defendants.[4] Plaintiffs alleged that GEICO was Zegada's auto insurer and State Farm was Plaintiffs' uninsured/underinsured motorist carrier.[5]

On November 1, 2018, State Farm removed the case to this Court, alleging complete diversity of citizenship and an amount in controversy exceeding $75,000.[6] In the Notice of Removal, State Farm pled the citizenship of the parties as follows: (1) Plaintiffs are both residents of Louisiana; (2) GEICO is a corporation with its principal place of business in Virginia; (3) State Farm is a corporation organized under the laws of the State of Illinois with its principal place of business in Illinois, and (4) Defendant Zegada is a resident of Texas.[7] State Farm admitted in the Notice of Removal that "undersigned counsel has not been able to verify if GEICO consents to this Removal."[8] State Farm did not mention whether Zegada had consented to removal.

On November 29, 2018, Plaintiff filed the instant motion to remand.[9] On December 3, 2018, State Farm filed an opposition to the motion.[10]

---

[4] *Id.* at 1.

[5] *Id.*

[6] Rec. Doc. 1.

[7] *Id.* at 1–2. On December 10, 2018, the Court ordered jurisdictional briefing on the issues of where GEICO is incorporated and whether each plaintiff's claim for damages meets the amount in controversy requirement of $75,000.00. Rec. Doc. 15. On January 11, 2019, State Farm submitted a memorandum informing the Court of GEICO's place of incorporation and providing evidence regarding the amount in controversy. Rec. Doc. 16.

[8] *Id.* at 6.

[9] Rec. Doc. 8.

[10] Rec. Doc. 11.

## II. Parties' Arguments

*A.     Plaintiffs' Arguments in Support of the Motion to Remand*

In the motion, Plaintiffs argue that the case should be remanded because Zegada did not consent to removal.[11] As the foundation for their argument, Plaintiffs contend that "'all defendants who have been properly joined and served must join in or consent to the removal of the action.'"[12] Plaintiffs assert that if a defendant does not join in the removal petition, that defendant must file a timely written indication of consent to removal.[13] Plaintiffs state that this written consent must be submitted within thirty days of service of the state court petition.[14] Plaintiffs argue that if the written consent is not filed within the thirty days, the case must be remanded to state court.[15]

Plaintiffs aver that Zegada was served with the Petition on September 22, 2018.[16] Plaintiffs refer back to the Notice of Removal and note that State Farm does not allege that Zegada consented to removal.[17] Plaintiffs further assert that State Farm has not provided evidence of Zegada's written consent to removal.[18] Plaintiffs argue that because State Farm did not show that Zegada joined in the Notice of Removal and has not provided evidence that Zegada gave written consent, removal

---

[11] Rec. Doc. 8-1 at 2. Plaintiffs state that the Louisiana Secretary of State issued a citation to GEICO on November 8, 2018 but allege that there is no evidence that GEICO was served with the Petition. *Id.* Thus, Plaintiffs do not include GEICO in their argument regarding failure to consent to removal.

[12] *Id.* (quoting 28 U.S.C. § 1446(b)(2)(A)).

[13] *Id.*

[14] *Id.* at 3.

[15] *Id.*

[16] *Id.* at 1.

[17] *Id.* at 3.

[18] *Id.*

3

was procedurally defective.[19] Therefore, Plaintiffs contend that the case should be remanded to state court.[20]

### B.    *State Farm's Arguments in Opposition to the Motion to Remand*

In opposition, State Farm argues that the Court should not require for Zegada to have consented to removal because the record did not reflect that Zegada was a properly served defendant at the time of removal.[21] State Farm asserts that it was served with the Petition on or around October 5, 2018.[22] State Farm alleges that on October 26, 2018, it contacted the law firm that would likely represent GEICO and Zegada and inquired about whether the parties would consent to removal.[23] State Farm insists that it contacted GEICO again on October 31, 2018, to obtain consent for removal but did not receive an immediate response.[24] State Farm asserts that also on October 31, 2018, it spoke with Plaintiffs about other case-related questions, but Plaintiffs did not mention that Zegada or GEICO had been served.[25]

State Farm contends that on November 1, 2018, it removed the case to this Court, relying "upon the state court record, which evinced no proof of service of the Petition for Damages upon Zegada or GEICO."[26] State Farm then asserts that on November 2, 2018, GEICO expressed, in

---

[19] *Id.*

[20] *Id.*

[21] Rec. Doc. 11 at 1.

[22] *Id.*

[23] *Id.* at 2.

[24] *Id.*

[25] *Id.*

[26] *Id.*

4

writing, that it would consent to removal in the event that it was properly served.[27] State Farm alleges, however, that GEICO was unaware of whether Zegada had been served.[28] State Farm contends that it contacted GEICO again on November 29, 2018 and December 3, 2018, to inquire into whether GEICO knew if Zegada had been served.[29] State Farm represents that GEICO still had no indication that Zegada was served, even after GEICO attempted to contact Zegada via telephone on December 3, 2018.[30] State Farm argues that these multiple attempts to receive consent from GEICO and Zegada represent its diligent efforts to receive consent to removal, despite the lack of information regarding whether Zegada had been served.[31]

State Farm contends that though service was apparently delivered to Zegada on September 22, 2018, it did not become aware of this fact until after removal.[32] State Farm alleges that Plaintiffs had knowledge that Zegada was served on September 22, 2018, but Plaintiffs did not file an Affidavit of Certificate of Service regarding Zegada in state court until November 2, 2018, after removal.[33] Further, State Farm avers that neither it nor GEICO received actual notice that Zegada had been served until Plaintiffs filed the instant motion to remand on November 29, 2018.[34] State Farm asserts that though it continued to attempt to ascertain whether Zegada would consent to

---

[27] *Id.*

[28] *Id.*

[29] *Id.* at 2–3.

[30] *Id.* at 3.

[31] *Id.*

[32] *Id.* at 2–3.

[33] *Id.*

[34] *Id.*

5

removal, it was still unable to reach Zegada at the time its opposition was filed.[35]

Based on the foregoing, State Farm argues that though consent to removal by all defendants is normally required, the Court should find an exception regarding Zegada.[36] State Farm contends that it diligently attempted to obtain Zegada's consent but did not receive notice that Zegada had been served until after removal.[37] State Farm presents the case *Getty Oil Corp. v. Insurance Company of North America*,[38] as representing the Fifth Circuit's acknowledgement that "certain 'exceptional circumstances' might permit removal even when a later-joined defendant obtains consent from other properly served defendants more than precisely thirty days after the first defendant is served."[39] State Farm argues that the facts in this case constitute exceptional circumstances.[40] Particularly, State Farm likens its situation to that in another federal district court case, *Milstead Supply Co. v. Casualty Insurance Co.*[41] In *Milstead*, a district judge in the Western District of Texas departed from the rule that all defendants needed to consent to removal because the removing defendant did not have notice of service on the other defendant until merely three hours before the removal was filed.[42]

Here, State Farm asserts that not only did it not receive notice that Zegada was served until

---

[35] *Id.* at 3.

[36] *Id.* at 5.

[37] *Id.*

[38] 841 F.2d 1254 (5th Cir. 1988).

[39] Rec. Doc. 11 at 4.

[40] *Id.*

[41] 797 F. Supp. 569 (W.D. Tex. 1992).

[42] *Id.*

after removal, but unlike in *Milstead*, where the removing defendant did not attempt to contact the other defendant, State Farm repeatedly attempted to ascertain whether Zegada had been served.[43] State Farm avers that its diligence, and the fact that it attempted to obtain consent from all defendants, should warrant an exception from the rule requiring all defendants to consent to removal.[44]

State Farm further contends that because Plaintiffs had knowledge that Zegada was served of process on September 22, 2018, but did not filed the Affidavit of Service into the state court record until November 2, 2018, Plaintiffs should be foreclosed from arguing that the removal was deficient based on Zegada's lack of consent.[45] State Farm argues that if Plaintiffs are allowed to prevail on this argument, the Court will set a precedent where plaintiffs may evade removal simply by withholding information on service of process regarding certain defendants.[46] Thus, State Farm requests that the Court find that "exceptional circumstances" apply and waive the failure to obtain consent from a party that it did not know had been properly served.[47] Based on this reasoning, State Farm urges the Court to deny the motion to remand.[48]

---

[43] Rec. Doc. 11 at 4–5.

[44] *Id.*

[45] *Id.* at 7.

[46] *Id.*

[47] *Id.*

[48] *Id.*

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[49] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[50] The removing party bears the burden of demonstrating that federal jurisdiction exists.[51] Subject matter jurisdiction is fixed at the time of removal, and it cannot be eliminated by events that occur after removal.[52] "The rule of unanimity requires that all defendants to an action either sign the original petition for removal or timely file written consent to the removal" within thirty days of service of the state court petition.[53]

The Fifth Circuit has recognized three exceptions to the rule of unanimity: (1) improperly or fraudulently joined defendants,[54] (2) nominal or formal parties,[55] and (3) non-forum defendants who have not been served by the time of removal.[56] The Fifth Circuit has also acknowledged that

---

[49] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[50] 28 U.S.C. § 1332(a)(1).

[51] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[52] *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

[53] *Powers v. U.S.*, 783 F.3d 570 (5th Cir. 2015) (citing *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) (citations omitted)); *see also Farias v. Bexar Cty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991).

[54] *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

[55] *Farias v. Bexar Cnty. Bd. of Tr.*, 925 F.2d 866, 871 (5th Cir. 1991).

[56] *Getty*, 841 F.2d at 1262 n.9 ("Defendants (at least those not citizens of the forum state) who are unserved when the removal petition is filed need not join in it.") (citing *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939); *Lewis v. Rego Co.*, 757 F.2d 66, 68–69 (3d Cir.1985)); *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) ("Forster's failure to join in the removal petition is not a bar to the federal court's jurisdiction. Forster could not have joined in it because, as Jones acknowledges, Forster was not even served until after the case had been removed.").

"exceptional circumstances" may justify allowing a defendant to remove a case without meeting the usual consent requirements.[57] The concept of "exceptional circumstances" first appeared in the case *Brown v. Demco, Inc*.[58] In *Brown*, the Fifth Circuit stated that "[e]xceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served."[59] The court then determined that no exceptional circumstance existed in the case because the evidence did not establish that the plaintiff was aware that the later named defendant was a proper defendant but delayed naming it as a defendant in a bad faith effort to prevent removal.[60] The Fifth Circuit later acknowledged that "'exceptional circumstances might permit removal' when confronting bad faith efforts to prevent removal."[61] Furthermore, the Fifth Circuit has recognized that courts may exercise their equitable powers to "permit removal outside of the window in order to prevent injustice."[62] Those instances where the Fifth Circuit has authorized the exercise of "equitable powers to permit a party to consent to removal outside of the statutorily prescribed time frame often concern plaintiff conduct, and not untimely consent to removal by a defendant."[63]

---

[57] *Getty*, 841 F.2d at 1263, n.12.

[58] 792 F.2d 478 (1986).

[59] *Id.*

[60] *Id.* at 482.

[61] *Ortiz v. Young*, 431 F. App'x 306, 307–08 (5th Cir. 2011) (quoting *Brown*, 792 F.2d at 482).

[62] *Id.* at 308 (citing *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992).

[63] *Id.* at 307.

Additionally, the Fifth Circuit has noted that a removing defendant's actions in attempting to obtain consent prior to removal are relevant to the "exceptional circumstances" analysis.[64] In *Getty*, two defendants removed the case, asserting that they were unaware whether third defendant had been served.[65] The Fifth Circuit directed the district court to ascertain, on remand, whether the third defendant had actually been served at the time of removal and whether the removing defendants had notice of this service from the state court records.[66] The Fifth Circuit also instructed the district court to consider whether circumstances were sufficiently "exceptional" to justify an exception to the rule of unanimity.[67]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[68] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[69] Moreover, 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

---

[64] *See Getty*, 841 F.2d at 1263 n.12; *Gillis v. Louisiana*, 294 F.2d 755 (5th Cir. 2002).

[65] *Getty*, 841 F.2d at 1263 n.12.

[66] *Id.*

[67] *Id.*

[68] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[69] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

## IV. Analysis

In the Notice of Removal, State Farm acknowledged that it had not been able to verify whether GEICO consented to the removal, and State Farm did not mention whether Zegada had consented to removal.[70] The Fifth Circuit has declared that non-forum defendants that have not been served at the time of removal are not required to consent to removal.[71] Because GEICO has still not been served in the case, State Farm was not required to obtain GEICO's consent for removal. The record reflects, however, that Zegada was served on September 22, 2018.[72] As a properly joined and served defendant, the rule of unanimity requires that Zegada join in the notice of removal. Thus, absent an exception to the rule of unanimity, removal was deficient, and the case must be remanded.

First, the Court will examine whether one of the three exceptions to the rule of unanimity applies. Regarding the first two exceptions, none of the parties allege that Zegada was fraudulently joined or is a nominal or formal party. Therefore, these exceptions do not apply. Moving to the third exception, Zegada does not appear to qualify as a defendant who had not been served at the time of removal because she was served on September 22, 2018 and the case was not removed until November 1, 2018. This seemingly precludes the third exception from being applicable to the case. Yet, the Court finds that the factual circumstances warrant a closer examination of how the third exception equates with the "exceptional circumstances" concept articulated in several Fifth Circuit cases.

---

[70] Rec. Doc. 1 at 6.

[71] *See Getty*, 841 F.2d at 1262 n.9.

[72] Rec. Doc. 5-1 at 27.

In *Brown*, *Getty*, and *Kerwood*, the Fifth Circuit acknowledged that where a plaintiff has engaged in "bad faith efforts" to prevent removal, the court may use its equitable power to address injustice and permit removal despite procedural deficiencies.[73] The *Brown* opinion noted that an example of a bad faith effort would be a plaintiff failing to timely name a proper defendant in order to later prevent removal.[74] The court in *Getty* instructed the district court to determine on remand whether the removing defendants had notice in the state court record that the non-consenting defendant had been served at the time of removal.[75] In *Kerwood*, the court acknowledged that if a plaintiff strategically chose when to add defendants in order to prevent removal, that may warrant a finding of exceptional circumstances.[76]

Here, Plaintiffs did not act improperly by failing to join all defendants or adding them at strategic times, but Plaintiffs did delay entering into the state court record an Affidavit of Service of Process for Zegada. Though Zegada was the first defendant served on September 22, 2018, Plaintiffs waited until November 2, 2018, the day after removal, to file the notice of service into the record. When State Farm removed the case on November 1, 2018, it was not on notice that Zegada had been served. State Farm attempted several times to ascertain whether Zegada had been served, but neither GEICO, who was Zegada's insurer, nor Plaintiffs, indicated otherwise. Moreover, State Farm spoke with Plaintiffs the day before filing its notice of removal, and Plaintiffs failed to inform State Farm that Zegada had been served more than a month before the

---

[73] *Brown*, 792 F.2d at 482; *Getty*, 841 F.2d at 1263 n.12; *Kerwood*, 969 F.2d at 169.

[74] *Brown*, 792 F.2d at 482.

[75] *Getty*, 841 F.2d at 1263 n.12.

[76] *Kerwood*, 969 F.2d at 169.

conversation.

The evidence before the Court establishes that even if Plaintiffs did not act in "bad faith," their conduct in delaying filing the Affidavit of Service now has the potential to prejudice State Farm, and this warrants a finding of exceptional circumstances to permit removal. If the Court were to hold that removal was deficient because Plaintiffs delayed in filing the notice of service, then other plaintiffs may be encouraged to evade removal simply by withholding such information. Additionally, State Farm exhibited multiple good faith efforts by trying to obtain consent from all defendants before filing the Notice of Removal. Even after Plaintiffs filed the Affidavit of Service regarding Zegada into the record, State Farm continued to attempt to obtain Zegada's consent through her insurer GEICO. Yet, at the time of this order, Zegada has still failed to enter an appearance in the case or prove responsive to attempts to contact her. Thus, because State Farm acted on the information before it at the time of removal and sought to obtain consent to removal from all of the defendants, this Court finds that exceptional circumstances permit removal of the instant matter even though Zegada has not consented. For these reasons, the Court will deny the motion to remand.

## V. Conclusion

Defendant State Farm did not obtain Zegada's consent prior to removing the case to this Court. Normally, the rule of unanimity would render removal deficient and warrant remand to state court. The Court finds, however, that exceptional circumstances exist in this case. Particularly, State Farm was unaware at the time of removal that Zegada had been served, and Plaintiffs failed to enter the Affidavit of Service into the record until after the Notice of Removal had been filed. Because State Farm did not have notice that Zegada was a properly served defendant, the Court finds that exceptional circumstances permit removal without the consent of Zegada a non-forum

13

defendant who has made no appearances in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Kristy Wagner and Joseph Corona's "Motion to Remand"[77] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 14th day of February, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[77] Rec. Doc. 8.